UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KEN DEMSEY,** | : | **Case No. 1:08-CV-1571** |
| Plaintiff, | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| **NANCY HAHNER DEMSEY,** | : | **ORDER** |
| Defendant. | : | |

This matter arises upon the Court's initiative in light of the Plaintiff's responses (*see* Docs. 6, 7) to the Court's previous Orders to Show Cause dated November 19, 2008 and December 1, 2008 (*see* Docs. 3, 5). For the reasons articulated briefly below, the Court dismisses the Plaintiff's case without prejudice pursuant to Fed. R. Civ. P. 4(m) for failing to timely perfect service or show good cause for that failure.[1]

---

[1] The Court notes that, while it does not reach the issue because dismissal without prejudice is appropriate under Fed. R. Civ. 4(m), it appears that, despite the filing of his Amended Complaint (Doc. 7), the Plaintiff still has failed to state a federal claim upon which relief could be granted, and that a dismissal on the merits most likely would be appropriate under *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999) and *Tingler v. Marshall*, 716 F.2d 1109 (6th Cir. 1983). It appears that the Plaintiff's claim under 42 U.S.C. § 1983 is not cognizable, because the Plaintiff does not sufficiently allege that the Defendant was a private actor acting under color of state law. *See Lindsey v. Detroit Entm't, LLC*, 484 F.3d 824, 827 (6th Cir. 2007). A phone call to the police reporting domestic violence, even if the report is later determined to be untrue, simply does not constitute joint action for purposes of liability under 42 U.S.C. § 1983. *Cf. Coleman v. Tarmekh, Inc.*, No. 96-3482, 1997 U.S. App. LEXIS 14659, at *4 (6th Cir. June 13, 1997). Further, it appears that the Plaintiff's claim under 42 U.S.C. § 1985(3) is not cognizable, because the Plaintiff does not sufficiently allege that he is a member of a class entitled to the kind of special protection that would make the statute applicable to him, or that there is "class-based, invidiously *discriminatory animus* behind the conspirators' action." *McGee v. Schoolcraft Cmty. College*, 167 Fed. Appx. 429, 435-36 (6th Cir. 2006) (emphasis added).

Rule 4(m), which discusses the time limit for perfecting service, provides in pertinent part:

If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Here, the Plaintiff filed his Complaint on June 30, 2008 (Doc. 1). To date, more than 170 days later, the docket indicates that the Plaintiff still has not yet perfected service upon the Defendant.

Moreover, in response to the Court's Orders to Show Cause on November 19, 2008 and December 1, 2008 (*see* Docs. 3, 5), the Plaintiff has failed to show good cause for his failure to perfect service. Establishing good cause is the Plaintiff's burden and "necessitates a demonstration of why service was not made within the time constraints." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) (quoting *Habib v. GMC*, 15 F.3d 72, 73 (6th Cir. 1994)). While counsel for the Plaintiff stated in his unsworn motion for an extension of time in which to prove good faith attempts at service that the Defendant was deliberately avoiding service and that service was difficult to obtain in the Plaintiff's particular geographic area (*see* Doc. 4), the actual affidavit of service filed by the Plaintiff on December 2, 2008 merely indicates that a process server did not receive a response at the Defendant's alleged address in Alabama on four occasions in late November, after the Court's initial show cause order – namely, on (1) November 22, 2008 at 9:14 A.M.; (2) November 23, 2008 at 10:30 A.M.; (3) November 23, 2008 at 4:12 P.M.; and (4) November 24, 2008 at 6:45 P.M. (*see* Doc. 6-2). No other information was presented in the affidavit, and, notably, the affidavit also does not indicate, despite such an option on the form of the affidavit, that the Defendant was evading service. (*See id.*) Exercising this Court's sound discretion, the Court finds that the affidavit submitted by Plaintiff and his other filings are

-2-

insufficient to demonstrate good cause, particularly when the Plaintiff's efforts at service apparently occurred wholly outside the original 120-day time period, and the Plaintiff has presented no evidence that the Defendant was actually evading service, let alone any evidence as to why service was not made in a timely fashion. *See Nafziger*, 467 F.3d at 521-22 (holding that the district court did not abuse its discretion in dismissing a defendant for insufficient service of process pursuant to Fed. R. Civ. P. 4(m) where "personal matters involving the welfare of counsel's young children," coupled with a lack of assistance from co-counsel, did not constitute "good cause"); *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991) ("[C]ounsel's inadvertent failure or half-hearted efforts to serve a defendant within the statutory period does not constitute good cause."); *Grose v. Mansfield Corr. Inst.*, No. 1:06-CV-2720, 2007 U.S. Dist. LEXIS 71014, at *6-8 (N.D. Ohio Sept. 24, 2007) (holding that the plaintiff failed to demonstrate good cause for failing to timely serve the defendant where "plaintiff points to no demonstrable reason for her untimely service" and did not provide any evidence that the defendant was evading service). In short, four attempts made at perfecting service at the Defendant's alleged residence within a three-day period, without any further evidentiary showing, does not satisfy the Plaintiff's burden of demonstrating the requisite good cause.

Accordingly, because the Plaintiff has not perfected service within 120 days of filing his Complaint and because the Plaintiff has not demonstrated good cause for his failure to perfect service after notice by the Court, the Court hereby dismisses the Plaintiff's Complaint without prejudice pursuant to Fed. R. Civ. 4(m).

**IT IS SO ORDERED.**

                                                                     **s/Kathleen M. O'Malley**
                                                                     **KATHLEEN McDONALD O'MALLEY**
**Dated: December 23, 2008**                           **UNITED STATES DISTRICT JUDGE**